**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

UNITED STATES OF AMERICA,

    Plaintiff,  :  Case No. 3:12-cr-079
              Also Case No. 3:14-cv-035

              District Judge Thomas M. Rose
 - vs -          Magistrate Judge Michael R. Merz

KENNETH BROWN,

    Defendant.  :

## REPORT AND RECOMMENDATIONS ON GROUND ONE; ORDER FOR ANSWER ON GROUND TWO

  This case is before the Court for initial review of Defendant's Motion to Vacate (Doc. No. 58). Rule 4 of the Rules Governing § 2255 cases provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

  Brown pleads the following Grounds for Relief:

> **Ground One:** Request for Modification of Imprisonment or Servitude to Home Confinement.

1

>  **Supporting Facts**:  Petitioner is asking this Court to review both sections § 3553(A) [sic] and 5H1.6 as he believes that in light of the history of this case he would be a candidate entitled to the relief requested for [sic] in his Motion.
>
>  **Ground Two:**  Counsel was ineffective in fully explaining sentencing issues to client.
>
>  **Supporting Facts:**  Petitioner contends that he was ill-advised by his attorney concerning certain sentencing issues and that had it not been for attorney's ineffectiveness in this matter, the outcome of the proceeding would have been different.

(Motion Doc. No. 58, PageID 193-94.)

**Procedural History**

On June 12, 2012, the Grand Jury for this District returned an Indictment naming Defendant in seventy-six counts (Doc. No. 18).  On August 6, 2012, Brown entered into a Plea Agreement with the United States Attorney in which he agreed to plead guilty to Counts 1 and 2 with the understanding that the maximum term of imprisonment was fifteen years.  After reviewing a Presentence Investigation Report and sentencing memoranda filed on Brown's behalf, District Judge Rose sentenced Brown to the thirty-six month imprisonment he is now serving.  Brown waived his appeal rights in the Plea Agreement (with exceptions not relevant here).  The instant § 2255 Motion was filed February 27, 2014[1].

---

[1] On January 29, 2014, Brown moved to re-submit his § 2255 Motion, averring that he had originally sent the motion by certified mail on November 26, 2013.  The United States Postal Service shows delivery to 200 West Second Street on December 6, 2013, but the Clerk never received that document.  Under the circumstances, the Magistrate Judge concludes Brown is entitled to a filing date of November 26, 2013, under the "mailbox" rule.

**Ground One Should Be Dismissed for Failure to State a Claim Upon Which Relief Can Be Granted.**

In his First Ground for Relief, Brown seeks a modification of his sentence based on a reconsideration of the sentencing factors set forth in 18 U.S.C. § 3553 and Sentencing Guideline § 5H1.6, Family Ties and Responsibilities. This particular Guideline provision was argued strongly in the Sentencing Memoranda filed on Brown's behalf (Doc. Nos. 35, 37).

A prisoner seeking relief under 28 U.S.C. § 2255 must allege either "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid" *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003). In other words, to warrant relief under § 2255, a prisoner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect of influence on the guilty plea or the jury's verdict. *Griffin v. United States*, 330 F.3d 733, 737 (6th Cir. 2006), *citing Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). To obtain relief under 28 U.S.C. § 2255, a defendant must establish the denial of a substantive right or defect in the trial that is inconsistent with the rudimentary demands of fair procedure. *United States v. Timmreck,* 441 U.S. 780 (1979); *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990)(*per curiam*). Relief under 28 U.S.C. § 2255 is available when a federal sentence was imposed in violation of the Constitution or laws of the United States or the trial court was without jurisdiction or the sentence is in excess of the maximum sentence allowed by law, or is "otherwise subject to collateral attack." *United States v. Jalili,* 925 F.2d 889, 893 (6th Cir. 1991).

The Magistrate Judge agrees with Brown that Judge Rose had the power to depart downward from the Guideline range calculated in this case at the time of sentencing. However,

any such argument must be considered before sentencing; federal judges do not have authority under 28 U.S.C. § 2255 to reconsider sentences already imposed. A federal district court retains jurisdiction to change a sentence only for seven days after the sentence is orally pronounced. 18 U.S.C. § 3582(c); *United States v. Vicol*, 460 F.3d 693 (6th Cir. 2006).

Because the Court is without authority to grant the relief requested in Ground One, it should be dismissed with prejudice.

**Ground Two: Ineffective Assistance of Counsel**

In his Second Ground for Relief, Brown asserts he pled guilty in part because of incorrect advice about sentencing given to him by his attorney. As to this second claim, it does not plainly appear from the face of the motion, the annexed exhibits, and the prior proceedings in the case that Defendant is not entitled to relief. Accordingly, it is hereby ORDERED that the United States Attorney shall, not later than May 1, 2014, file an answer conforming to the requirements of Rule 5 of the Rules Governing §2255 Cases. Specifically, said answer shall respond to each allegation made in the Motion, raise any affirmative defenses available to the United States, and state whether Defendant has previously received an evidentiary hearing on any of the matters he now raises or whether he is entitled, in the Government's view, to an evidentiary hearing in this proceeding.

Because Defendant has alleged communications with his attorney on which he claims he has relied, he has waived the privilege as to those communications and his counsel, Thomas

Anderson, may reveal the communications to the United States for purposes of its defense of this action.

Defendant may, not later than twenty-one days after the Answer is filed, file and serve a reply or traverse to the Answer. If the Government files a motion to dismiss, Defendant's time to file a memorandum in opposition will likewise be twenty-one days from service, as provided in S. D. Ohio Civ. R. 7.2(a).

March 7, 2014.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations as to Ground One within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).