# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                Plaintiff,       :      Case No. 3:12-cr-079
                                      Also Case No. 3:14-cv-035

                                      District Judge Thomas M. Rose
   -  vs  -                    Magistrate Judge Michael R. Merz

KENNETH BROWN,

                Defendant.       :

---

# REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant's Motion to Vacate pursuant to 28 U.S.C. § 2255 (Doc. No. 58). Defendant's First Ground for Relief was found not to state a claim upon which relief could be granted under § 2255 (Report and Recommendations, Doc. No. 60; Order, Doc. No. 62). The Government was ordered to answer Ground Two and has done so (Doc. No. 67). Defendant was granted leave to reply to the Answer by June 9, 2014 (Doc. No. 60), but has failed to do so.

Defendant's Second Ground for Relief reads:

> **Ground Two:** Counsel was ineffective in fully explaining sentencing issues to client.

> **Supporting Facts:** Petitioner contends that he was ill-advised by his attorney concerning certain sentencing issues and that had it not

been for counsel's ineffectiveness in this matter, the outcome of
the proceedings would have been different.

(Motion to Vacate, Doc. No. 58, PageID 194.)

With respect to Ground Two, Brown further alleges that his trial attorney, Tom
Anderson, told him before he pled guilty that Judge Rose would release him on bond at the time
of sentencing and would order that he be permitted to participate in the Residential Drug Abuse
Program while in prison. *Id.* at PageID 211.

**Procedural History**

The grand jury returned a seventy-six count Indictment against Brown on June 12, 2012
(Doc. No. 18). On August 6, 2012, Brown entered into a Plea Agreement with the United States
in which he agreed to plead guilty to Counts 1 and 2 (Doc. No. 26, PageID 101). A guilty plea
was taken the same day (Minutes, Doc. No. 24). After receiving a Presentence Investigation
Report, District Judge Rose sentenced Brown to thirty-six months confinement, three years of
supervised release, and restitution (Judgment, Doc. No. 40). Brown filed the instant action on
February 4, 2014 (Doc. No. 53).

**Analysis**

As Brown recognizes, the standard for deciding a claim of ineffective assistance of
counsel is set by *Strickland v. Washington*, 466 U.S. 668 (1984):

A convicted defendant's claim that counsel's assistance was so
defective as to require reversal of a conviction or death sentence

2

has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687.

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694. *See also Darden v. Wainwright*, 477 U.S. 168 (1986); *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998); *Blackburn v. Foltz*, 828 F.2d 1177 (6th Cir. 1987). *See generally* Annotation, 26 ALR Fed 218.

The premise of Brown's Motion is that Anderson provided deficient legal advice when he told/promised Brown that he would be released on bond at sentencing and would be placed in the

Residential Drug Abuse Program in prison.  This premise is directly contradicted by Brown's statements under oath at the plea colloquy.  When Judge Rose asked him if anyone had made any promises to him other than those contained in the Plea Agreement, he answered "No, sir."  (Plea Hrg. Tr., Doc. No. 64, PageID 324.)

A plea-proceeding transcript which suggests that a guilty or no contest plea was made voluntarily and knowingly creates a "heavy burden" for a petitioner seeking to overturn his plea. *Garcia v. Johnson*, 991 F.2d 324, 326–28 (6th  Cir. 1993).   Where a district court has scrupulously followed the required procedure under Fed. R. Crim. P. 11, "the defendant is bound by his statements in response to that court's inquiry." *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986), *quoting Moore v. Estelle*, 526 F.2d 690 (5th  Cir. 1976).  Because Brown swore under oath that no promises had been made to him by anyone, including Anderson, he is bound by those statements.  Thus he cannot show deficient performance on Anderson's part.

Brown can also show no prejudice.  Although Brown was initially detained without bond on Detention Order of Magistrate Judge Ovington (Doc. No. 9), he was released on bond by Judge Rose on the same day he entered a plea, August 6, 2012 (Doc. No. 25).  He continued released on bond until Pretrial Services received an arrest warrant from Judge Rose by producing probable cause to believe he had violated conditions of his bond by consuming marijuana and cocaine (Doc. Nos. 46-48).  Whatever Anderson may have promised at the time of the Plea Agreement, Brown could certainly not reasonably have understood he was free to consume illicit drugs while awaiting sentence.

Secondly, with respect to the Residential Drug Abuse Program, Brown has previously represented to this Court that what was keeping him from participating in that program was not any lack of recommendation from Judge Rose, but the existence of a detainer issued by the

4

Common Pleas Court with respect to a parallel conviction in that court. *See Brown v. Sauers,*

*Warden*, Case No. 3:13-cv-406, Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241,

Doc. No. 1, PageID 7.

**Conclusion**

Because Brown cannot prove either deficient performance or prejudice, his Motion to

Vacate should be dismissed with prejudice. Because reasonable jurists would not disagree with

this conclusion, Petitioner should be denied a certificate of appealability and the Court should

certify to the Sixth Circuit that any appeal would be objectively frivolous.

June 25, 2014.

Jun 25 2014 3:23 PM



Michael R. Merz

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the
proposed findings and recommendations within fourteen days after being served with this Report
and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen
days because this Report is being served by one of the methods of service listed in Fed. R. Civ.
P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected
to and shall be accompanied by a memorandum of law in support of the objections. If the Report
and Recommendations are based in whole or in part upon matters occurring of record at an oral
hearing, the objecting party shall promptly arrange for the transcription of the record, or such

portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).